[No. C062411. Third Dist. Jan. 7, 2011.]

In re DAMIAN M. MIRANDA on Habeas Corpus.

758

**COUNSEL**

Michael Satris, under appointment by the Court of Appeal, for Petitioner Damian M. Miranda.

Edmund G. Brown, Jr., Attorney General, Julie L. Garland, Assistant Attorney General, Jennifer A. Neill and Yun Hwa Harper, Deputy Attorneys General, for Respondent State of California.

**OPINION**

**NICHOLSON, Acting P. J.**—Petitioner Damian M. Miranda petitions this court for writ of habeas corpus. He alleges the Board of Parole Hearings (Board) violated his due process rights at a parole-suitability hearing in 2007 because its determination that he was not suitable for parole was not supported by "some evidence" that he remained dangerous. While Miranda's petition was pending, he was released from prison after the Board found him suitable for parole in a new hearing.

■ Despite his release, Miranda argues that this petition is not moot because, if we find that the Board violated his due process rights in the 2007 parole-suitability hearing, we can credit the time he should have been released toward his parole period. We reject this argument against mootness because, as the California Supreme Court recently held, the remedy for a violation of due process at a parole-suitability hearing is a new hearing comporting with due process. (*In re Prather* (2010) 50 Cal.4th 238 [112 Cal.Rptr.3d 291, 234 P.3d 541] (*Prather*).) Because Miranda has been released, a new hearing is unnecessary. Therefore, even assuming the Board violated Miranda's due process rights at the 2007 parole-suitability hearing, the petition is moot.

## BACKGROUND

*Law Concerning Parole Suitability*

■ When an inmate is serving an indeterminate prison term, the Board, one year before the inmate's earliest possible parole date, must "normally set a parole . . . date . . . ." (Pen. Code, § 3041, subd. (a).) The Board "shall set a release date unless it determines that the gravity of the current convicted offense or offenses, or the timing and gravity of current or past convicted offense or offenses, is such that consideration of the public safety requires a more lengthy period of incarceration for this individual, and that a parole date, therefore, cannot be fixed at this meeting. . . ." (Pen. Code, § 3041, subd. (b).) "Regardless of the length of time served, a life prisoner shall be found unsuitable for and denied parole if in the judgment of the [Board] the prisoner will pose an unreasonable risk of danger to society if released from prison." (Cal. Code Regs., tit. 15, § 2402, subd. (a).)

Judicial review of the Board's parole-suitability decision is limited to determining "whether 'some evidence' supports the conclusion that the inmate is unsuitable for parole because he or she currently is dangerous." (*In re Lawrence* (2008) 44 Cal.4th 1181, 1191 [82 Cal.Rptr.3d 169, 190 P.3d 535].) The court must find that the Board violated the inmate's due process rights if the Board's determination is not supported by some evidence of current dangerousness. (*Id.* at p. 1227.)

*Circumstances of This Case*

In 1984, Miranda was convicted of second degree murder and assault with a deadly weapon and sentenced to an indeterminate term of 19 years to life in state prison.

On June 3, 2003, the Board held a parole-suitability hearing concerning Miranda. It determined that Miranda was suitable for parole. The Governor, however, reversed the Board's decision. Miranda petitioned the superior court for writ of habeas corpus, and the superior court granted the petition, holding that the factual basis for the Governor's ruling was inadequate and unsupported. The Governor appealed from the superior court's order, and this court reversed. We concluded that some evidence supported the Governor's denial of parole. (*In re Miranda* (May 23, 2006, C048010) [nonpub. opn.].)

During the interim between the superior court's grant of the petition concerning the 2003 Board hearing and our reversal of the superior court's order, Miranda was released from prison on November 8, 2004. Since Miranda was out of prison in 2006, when we issued our opinion concerning his 2003 parole-suitability hearing, the superior court ordered that Miranda would remain free until the Board held a new parole-suitability hearing.

The Board held a new parole-suitability hearing on January 11, 2007. It determined that Miranda was not suitable for parole. (The Board's determination at this 2007 parole-suitability hearing is the one Miranda challenges in this proceeding.)

Despite the 2007 parole-suitability determination, Miranda was not returned to prison until May 1, 2008, three and one-half years after he had been released. Upon reincarceration, Miranda filed in the superior court a petition for writ of habeas corpus challenging the 2007 parole-suitability hearing. The court denied the petition on June 5, 2009, finding that some evidence supported the Board's determination.

On July 20, 2009, Miranda filed this petition for writ of habeas corpus. He asserts that (1) the 2007 hearing was an improper and untimely parole rescission or revocation hearing[1] and (2) his due process rights were violated in the 2007 hearing because the Board's finding that he was unsuitable for parole was not supported by some evidence. The petition also alleges "false imprisonment," but the argument in the petition relates only to the Board's hearing. The petition's prayer for relief seeks Miranda's immediate release. We issued an order to show cause on October 16, 2009.

---

[1] In his traverse, Miranda withdrew the assertion that the 2007 hearing was, at least in form, an improper and untimely parole rescission or revocation hearing.

On June 23, 2009, the Board held another parole-suitability hearing and found Miranda suitable for parole. The Governor declined review of the determination, and Miranda was released on parole on November 30, 2009.

## DISCUSSION

■ "The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." (*Mills v. Green* (1895) 159 U.S. 651, 653 [40 L.Ed. 293, 293–294, 16 S.Ct. 132], quoted in *Consol. etc. Corp. v. United A. etc. Workers* (1946) 27 Cal.2d 859, 863 [167 P.2d 725].) The proper disposition of a moot case is dismissal. (*Mills v. Green, supra*, at p. 653.) Miranda's petition for writ of habeas corpus is moot because the only remedy he requests (immediate release) and the only remedy we have authority to give (a new parole-suitability hearing) are no remedy at all to one who has already been released from prison.

Despite these circumstances rendering Miranda's petition moot, he claims we should determine whether his due process rights were violated and, if they were, we should order his parole period shortened as a remedy for the due process violation. He argues that his "claim of false imprisonment was in essence one that his parole should have continued, uninterrupted. He still requires relief that declares his return to prison unlawful and this would have—or should have—the legal effect of deeming him on continuous parole, for as matters now stand, his wrongful reimprisonment broke up his review period of continuous parole, and this set back his discharge date." Even if the petition's bare allegation of false imprisonment can be read to include this claim later articulated by his attorney, the remedy he seeks is unavailable. (*Prather, supra*, 50 Cal.4th at p. 244.)

■ When a court, adjudicating a petition for writ of habeas corpus, determines that the Board's decision was not supported by some evidence, the appropriate remedy is to "direct the Board to conduct a new parole-suitability hearing in accordance with due process of law and consistent with the decision of the court . . . ." (*Prather, supra*, 50 Cal.4th at p. 244.) The decision in *Prather* resolved two cases (*In re Prather* and *In re Molina*) in which the Court of Appeal granted habeas corpus relief after finding that the Board's decision to deny relief was not based on "some evidence." (*Id.* at p. 243.) In Prather's case, the Court of Appeal directed the Board to find

Prather suitable for parole unless it found that new evidence supported a determination that Prather was not suitable for parole. (*Id.* at p. 246.) In Molina's case, the Court of Appeal directed the Board to release Molina. (*Id.* at p. 248.) The Supreme Court held that each remedy violated the separation of powers doctrine because it "failed to recognize the Board's statutory obligation to consider the full record in making a parole-suitability determination." (*Id.* at pp. 244, 253.)

■ " 'The power to grant and revoke parole is vested in the Department of Corrections, not the courts. (Pen. Code, §§ 3040, 3056, 5054, 5077; *In re Schoengarth* [(1967)] 66 Cal.2d 295, 300, 304 [57 Cal.Rptr. 600, 425 P.2d 200].) The proper function of the courts in respect to parole and revocation of parole is simply to ensure that the prisoner is accorded due process. . . . Thus, where the Department of Corrections has failed to accord a prisoner due process of law in revoking his parole, the relief to which the prisoner is entitled on habeas corpus is not an order forever barring the Department of Corrections from proceeding further, but, rather, an order directing the Department of Corrections to vacate its order of revocation and thereafter to proceed in accordance with due process of law.' [Citation.]" (*Prather, supra,* 50 Cal.4th at p. 254.)

In other words, a determination in a habeas corpus proceeding that the Board violated an inmate's due process rights in finding that there was some evidence of the inmate's continued dangerousness is not a "get-out-of-jail-free" card. Instead, the determination mandates further Board proceedings and then review by the Governor, if appropriate. Here, Miranda would have us bypass that proper procedure and conclude that he was entitled to be released as of his 2007 parole-suitability hearing. Based on that conclusion, he would have us order a reduction of his parole period. For the reasons stated in *Prather,* we cannot reach this conclusion. If we were to find that the Board violated Miranda's due process rights at the 2007 parole-suitability hearing, the remedy would be to direct the Board conduct a new parole-suitability hearing consistent with due process and our decision. (*Prather, supra,* 50 Cal.4th at p. 244.) Because that has already occurred, with the result that Miranda has been released, there is no beneficial remedy available from this court. Miranda's petition for writ of habeas corpus is moot.[2]

---

[2] Miranda, through counsel, filed a traverse which contained allegations and legal claims not contained in the original petition, including that (1) the state was estopped from reincarcerating Miranda and (2) he was entitled to have time credited to his parole. We struck the traverse and ordered counsel to file an appropriate traverse. Counsel filed a new traverse, but also filed a motion for reconsideration of our order striking the original traverse. The motion for reconsideration is denied.

## DISPOSITION

The petition for writ of habeas corpus is dismissed as moot, and the order to show cause is discharged.

Butz, J., and Scotland, J.,* concurred.

Petitioner's petition for review by the Supreme Court was denied April 20, 2011, S190621.

---

*Retired Presiding Justice of the Court of Appeal, Third Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.