Filed 4/8/13  Hysell v. Pleasant Valley State Prison CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| DOUGLAS WILLIAM HYSELL,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>PLEASANT VALLEY STATE PRISON et al.,<br><br>Defendants and Respondents. | F064932<br><br>(Super. Ct. No. 11CECG01955)<br><br>**OPINION** |

-ooOoo-

THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  Debra J. Kazanjian, Judge.

Douglas William Hysell, in pro. per., for Plaintiff and Appellant.

Kamala D. Harris, Attorney General, Jennifer A. Neill, Assistant Attorney General, Jessica N. Blonien and Amy Daniel, Deputy Attorneys General, for Defendants and Respondents.

-ooOoo-

---

*        Before Gomes, Acting P.J., Poochigian, J. and Peña, J.

Appellant, Douglas William Hysell, an inmate at Pleasant Valley State Prison (Pleasant Valley), filed a petition for writ of mandate naming the Pleasant Valley warden and various Pleasant Valley staff members as respondents. Appellant alleged that respondents had a mandatory duty to deliver packages from approved vendors within 15 days of their arrival and that he had not been receiving his packages within that time limit. In support of his position, appellant set forth various examples of his having received a package late. Appellant further alleged that respondents had improperly rejected the administrative appeals that he had filed regarding his packages. Appellant requested the trial court to order respondents to: timely deliver vendor packages; not retaliate against inmates by withholding packages; and properly file and process appeals.

Respondents demurred to the petition. Respondents argued that appellant had failed to exhaust his administrative remedies in that he did not correct and resubmit the rejected appeals. Respondents further asserted that appellant failed to state a claim for relief because he had not presented an actual case or controversy for resolution. Rather, appellant was seeking an advance order for anticipatory claims.

The trial court sustained the demurrer without leave to amend. The court found that appellant had failed to allege sufficient facts to constitute a viable writ of mandate because he was only seeking to compel respondents to perform future acts. Appellant had failed to show that respondents were currently over the 15 day time limit to deliver a package to him. The court further found that appellant was not seeking the court to order respondents to properly process any current appeal but, rather, was seeking an order pertaining to appellant's future administrative appeals.

Appellant contends the trial court erred because he demonstrated a practice and pattern of withholding packages. According to appellant, this pattern will continue unless the court intervenes. Appellant further argues that he has a right to submit administrative appeals and that an appeal should not be rejected because a particular form was not attached.

2.

The trial court correctly sustained the demurrer. Appellant has not shown that the respondents have a *present* duty to act. Mandate does not lie to compel the performance of future acts. Therefore the judgment will be affirmed.

## DISCUSSION

A party may seek a writ of mandate to "compel the performance of an act which the law specially enjoins, as a duty" or to compel "the use and enjoyment of a right … from which the party is unlawfully precluded." (Code Civ. Proc., § 1085, subd. (a).) However, the petitioner must show that the respondent has a *present* duty to perform the act the petitioner seeks to compel. Mandate will not lie to compel the performance of future acts. (*Treber v. Superior Court* (1968) 68 Cal.2d 128, 134.) Accordingly, disputes that the parties anticipate may arise but that do not presently exist will not support a mandate claim. (*Stonehouse Homes LLC v. City of Sierra Madre* (2008) 167 Cal.App.4th 531, 542.) The duty of the court is to decide actual controversies by a judgment that can be carried into effect. The court does not give opinions on moot questions or abstract propositions. (*In re Miranda* (2011) 191 Cal.App.4th 757, 762.)

Here, appellant's petition did not seek the delivery of a specific package or processing of a particular administrative appeal. Rather, appellant sought an order regarding future package deliveries and future administrative appeals. Mandate will not issue to compel future acts or correct future wrongs. Therefore, the trial court properly sustained the demurrer.

Further, appellant has not shown that respondents violated a duty. California Code of Regulations, title 15, section 3134, subdivision (c)(4), provides

> "Delivery by staff of packages, special purchases, and all publications, shall be completed as soon as possible but not later than 15 calendar days, except during holiday seasons such as Christmas, Easter, and Thanksgiving, and during lockdowns or modified programs of affected inmates."

While the rules of construction provide that "shall" is mandatory, and thus delivery "as soon as possible" is mandatory (Cal. Code Regs., tit. 15, § 3000.5, subd. (c)), the 15 day

3.

limit is directory only. Under section 3000.5, subdivision (f), time limits do not create a right to have the specified action taken within the time limits. "The time limits are directory, and the failure to meet them does not preclude taking the specified action beyond the time limits." (§ 3000.5, subd. (f).) Accordingly, the fact that a delivery occurs more than 15 days after the package was received does not in itself violate a duty.

## DISPOSITION

The judgment is affirmed. In the interests of justice, no costs are awarded. (Cal. Rules of Court, rule 8.278(a)(5).)

4.