Filed 2/8/16  P. v. Salary CA4/3
Received for posting 2/9/16

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>DAVIS SALARY,<br><br>    Defendant and Appellant. | G051925<br><br>(Super. Ct. No. 13CF0860)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Christopher Evans, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Dismissed as moot.

Elizabeth Garfinkle, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*        \*        \*

Davis Salary (Defendant) filed a notice of appeal from a postjudgment order granting in part and denying in part his application under Penal Code

section 1170.18 for a recall of sentence on his felony conviction and to designate that conviction as a misdemeanor. Appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, setting forth the facts of the case and requesting that we review the entire record. Pursuant to *Anders v. California* (1967) 386 U.S. 738, appointed counsel provided issues to assist us in conducting our independent review. Defendant was granted 30 days to file written arguments in his own behalf, but did not do so.

In an order entered on July 29, 2015, the trial court changed Defendant's sentence on the count for possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)) to 364 days and changed Defendant's total credits to 28 months. The court found that Defendant's total credits exceeded the total sentence, including confinement time and the period of parole, and therefore immediately discharged Defendant from parole and deemed all fines to have been paid in full.

We issued an order stating that, in light of the trial court's July 29, 2015 order, the appeal may be moot or abandoned by Defendant. We announced our intention to dismiss the appeal absent objection from either party. Neither party filed an objection by the deadline set forth in our order. The July 29, 2015 order afforded Defendant all the relief he could obtain and we could offer by appeal. (*In re Miranda* (2011) 191 Cal.App.4th 757, 762.) The appeal is therefore dismissed.


FYBEL, ACTING P. J.

WE CONCUR:


IKOLA, J.


THOMPSON, J.

2