Filed 8/31/20  In re Scoggins CA3
Opinion on remand from Supreme Court

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re WILLIE SCOGGINS<br><br>on Habeas Corpus. | C084358<br><br>(Super. Ct. No. 08F04643)<br><br>OPINION ON REMAND |

Samuel Wilson was murdered during the attempted commission of a robbery set up by Willie Scoggins.  The robbery, planned by Scoggins, was to be carried out by two of Scoggins's friends, James Howard and Randall Powell, and involved these individuals "beat[ing] the shit out of [Wilson]" and taking his money.  When Wilson ran, Powell shot and killed him.  There was no evidence Scoggins planned for a gun to be used or knew Powell was armed.

1

In 2011, a jury convicted Scoggins of first degree murder (Pen. Code, §§ 187, 189)[1], finding true a robbery-murder special-circumstance allegation (§ 190.2, subd. (a)(17)), and attempted robbery (§§ 664/211). The jury also found a principal was armed during the commission of the offenses. (§ 12022, subd. (a)(1).) Under section 190.2, subdivision (d), "every person, not the actual killer, who, *with reckless indifference to human life and as a major participant*, aids, abets, counsels, commands, induces, solicits, requests, or assists in the commission of a felony enumerated in paragraph (17) of subdivision (a) which results in the death of some person or persons, and who is found guilty of murder in the first degree therefor, shall be punished by death or imprisonment in the state prison for life without the possibility of parole . . . ." (Italics added.) Based on this provision, the trial court sentenced Scoggins to serve life without the possibility of parole in state prison.

In 2014, we affirmed the judgment entered against Scoggins and rejected, among other assertions, his claim the robbery-murder special-circumstance finding was unsupported by sufficient substantial evidence he acted with reckless indifference to human life. Our Supreme Court denied his petition for review.

Thereafter, in 2015 and 2016, Scoggins filed various petitions for writ of habeas corpus in the Sacramento County Superior Court and in this court, again challenging the sufficiency of the evidence supporting the robbery-murder special-circumstance finding. Each was denied.

In May 2016, Scoggins filed a petition for writ of habeas corpus in our Supreme Court, also challenging the special circumstance finding. In the meantime, that court decided *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*), setting forth factors to be used in determining whether or not a defendant's "participation 'in criminal activities known to

---

[1]     Undesignated statutory references are to the Penal Code.

2

carry a grave risk of death' [citation] was sufficiently significant to be considered 'major' [citations]" (*id*. at p. 803), rendering him or her statutorily eligible for the death penalty or life imprisonment without possibility of parole under section 190.2, subdivision (d). While Scoggins's habeas corpus petition was pending, our Supreme Court also decided *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*), setting forth factors to be used in determining whether or not a defendant has "exhibited ' " 'reckless indifference to human life' " ' within the meaning of [that subdivision]." (*Id*. at p. 618)

In March 2017, our Supreme Court ordered the Secretary of the Department of Corrections and Rehabilitation to show cause, returnable to this court, as to why Scoggins is not entitled to relief in light of *Banks* and *Clark*. After reviewing the return to the order to show cause, as well as Scoggins's traverse thereto, we denied relief in a divided opinion. The majority opinion concluded Scoggins satisfied the two requirements for the special circumstance. Justice Renner, in a concurring and dissenting opinion, agreed that Scoggins was a major participant but concluded the evidence did not support a finding that he exhibited reckless indifference to human life.

Our Supreme Court reversed. (*In re Scoggins* (2020) 9 Cal.5th 667.) Agreeing with our dissenting colleague, the court held "Scoggins did not act with reckless indifference to human life and thus the special circumstance finding must be reversed." (*Id*. at p. 671.) For the reasons expressed by our Supreme Court in *Scoggins*, we now hold Scoggins is entitled to the relief he seeks in his petition for writ of habeas corpus.

Ordinarily, we would grant the petition, strike the special circumstance finding, and remand the matter for resentencing. However, due to Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437), Scoggins has already obtained the relief he seeks in this habeas petition, and more.

On August 12, 2020, after our Supreme Court determined Scoggins did not qualify for the special circumstance, the trial court resentenced him under section 1170.95, a provision added to the Penal Code by Senate Bill 1437. As relevant here, this section

3

allows a person convicted of first degree murder under a felony murder theory to "file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:  [¶]  (1)  A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder . . . .  [¶]  (2)  The petitioner was convicted of first degree . . . murder following a trial . . . .  [¶]  (3)  The petitioner could not be convicted of first . . . degree murder because of changes to Section 188 or 189 made effective January 1, 2019."  (§ 1170.95, subd. (a).)  One of these changes is an amendment to the felony murder rule "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life."  (Stats. 2018, ch. 1015, § 1.)

Thus, effective January 1, 2019, a defendant like Scoggins, who was not the actual killer, did not possess the intent to kill, and who does not qualify for the felony murder special circumstance because he or she was not a major participant who acted with reckless indifference to human life, may no longer be convicted of first degree felony murder.  And where such an individual was already convicted based on the prior law, he or she may petition the trial court to vacate the murder conviction.  Scoggins did so.  The petition was granted, Scoggins's murder conviction and special circumstance finding were vacated, he was resentenced on his remaining counts to time served, and has since been released from the custody of the Department of Corrections and Rehabilitation.

Because there is no longer any beneficial remedy available from this court, the petition for writ of habeas corpus is now moot and shall be dismissed.  (*In re Miranda* (2011) 191 Cal.App.4th 757, 763-764.)

4

## DISPOSITION

The petition for writ of habeas corpus is dismissed as moot.


<u>    /s/                        </u>
HOCH, J.


We concur:


<u>    /s/                        </u>
ROBIE, Acting P. J.


<u>    /s/                        </u>
RENNER, J.