Filed 9/8/20  P. v. Perez CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT

### DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B294053 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. TA020781 |
| FRANCISCO PEREZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael Schultz, Judge. Dismissed.

Amy M. Karlin, Interim Federal Public Defender, C. Pamela Gómez, Deputy Federal Public Defender, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Paul M. Roadarmel, Jr. and Stephanie A. Miyoshi, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

Defendant Francisco Perez was sentenced to life without the possibility of parole (LWOP) for a murder he committed when he was 17 years old. The trial court subsequently resentenced Perez but again imposed LWOP. Perez asks us to vacate that sentence because, he claims, the court neither understood the scope of its sentencing discretion nor considered the hallmarks of youth, and his LWOP sentence is unconstitutional because it serves no legitimate penological purpose. While this appeal was pending, however, Perez was released on parole—a circumstance the People contend moots this appeal. We agree with the People and dismiss the appeal.[1]

## BACKGROUND[2]

In 1993, Perez was convicted of first degree murder (Pen. Code,[3] § 187, subd. (a)), committed during a robbery (§ 190.2, subd. (a)(17)), and attempted second degree robbery (§ 664/211). The jury also found firearm allegations (§ 12022.5, subd. (a)) true. At the time he committed the offenses, Perez was 17 years old. The court sentenced him to LWOP plus six years, which was modified on appeal to LWOP.

In 2016 and 2018, defendant filed a petition to recall his sentence and for resentencing under section 1170, subdivision (d)(2) and a sentencing memorandum in support of

---

[1] As such, we do not address Perez's challenges to his sentence.

[2] Because the underlying facts of this case are irrelevant to the issue before us, we do not address them.

[3] All undesignated statutory references are to the Penal Code.

2

the petition, in which he asked the court to resentence him to a term of 25 years to life. In 2018, defendant filed a petition for writ of habeas corpus, arguing his sentence violated the Eighth Amendment to the Federal Constitution (*Miller v. Alabama* (2012) 567 U.S. 460) and section 190.5, subdivision (b), because he committed the offense when he was a juvenile. In a related sentencing memorandum, he argued that he should be resentenced to a term of 25 years to life in prison.

The court held a contested hearing on both petitions on September 28, 2018. The court denied the habeas petition on the ground that recent legislation (Sen. Bill No. 394 (2017–2018 Reg. Sess.) § 1) had essentially converted the LWOP sentence into a sentence of 25 years to life in prison, rendering the habeas petition moot. As to the petition under section 1170, subdivision (d)(2), the court found that Perez had made the required prima facie showing for relief, recalled the sentence, conducted a new sentencing hearing, and reimposed the LWOP sentence.

Perez filed a notice of appeal indicating he was appealing "from the order and judgment of the Court entered on September 28, 2018 in this case and its related Petition for Writ of Habeas Corpus"—but because Perez had purported to appeal from the order denying the habeas petition, and, in cases not involving judgments of death, no appeal lies from a superior court's denial of a habeas petition, this court's Administrative Presiding Justice dismissed the appeal. The California Supreme Court granted Perez's petition for review and transferred the matter to this court, with directions to vacate the dismissal and determine whether the trial court made a final order on an

3

appealable issue related to the section 1170, subdivision (d)(2), petition.

Accordingly, we vacated the dismissal and sought further briefing from the parties. We ultimately held that the trial court had ruled on the section 1170, subdivision (d)(2), petition and that such a ruling was an appealable order. (§ 1237, subd. (b); *People v. Lopez* (2016) 4 Cal.App.5th 649, 653.) We therefore reinstated the appeal.

On June 30, 2019, Perez was granted parole. He was released from state prison on July 2, 2019.

## DISCUSSION

" 'The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.' [Citation.]" (*In re Miranda* (2011) 191 Cal.App.4th 757, 762.) Here, Perez's appeal is moot because the remedy he seeks (a shorter sentence) and the remedy we can provide (another resentencing hearing) are no remedy at all to one who has already been released from prison.

Perez contends that because of his LWOP sentence, "he remains subject to special conditions of parole" and "a reversal in this case would have the practical effect of changing Perez's parole conditions, by for example, reducing the amount of time he would be subject to parole … ." But Perez cites no authority to support this claim, and our research has revealed none. To the contrary, everyone convicted of murder in California is subject to lifetime parole. (§ 3000.1, subd. (a)(1).) Murder parolees are eligible for discharge from parole after seven years for first

4

degree murder and after five years for second degree murder. (*Id.*, subd. (b).) And, all paroled murderers are subject to the highest level of parole supervision: High Control. (Cal. Code Regs., tit. 15, § 3504, subd. (a)(1).) These rules do not treat juvenile LWOP parolees differently from murder parolees sentenced to shorter indeterminate terms.

Perez also notes that as a parolee, he remains in constructive state custody and is subject to restraints on his liberty. Be that as it may, he does not explain what effect, if any, resentencing would have on either the constructive custody or the restraints. In the cases he cites, the courts decided the merits of habeas petitioners' challenges to their *underlying convictions* notwithstanding their subsequent release on parole. (*In re Palmer* (2019) 33 Cal.App.5th 1199, 1203, review granted July 31, 2019, S256149; *Berman v. Cate* (2010) 187 Cal.App.4th 885, 892.) Here, however, Perez does not challenge his underlying convictions; he challenges only his sentence.

Because we are unable to provide Perez any effective relief in the case before us, we conclude the appeal is moot and dismiss it.[4]

---

[4] In his briefing below, Perez noted that conditions of confinement for inmates serving LWOP differ from conditions imposed on inmates serving indeterminate life sentences. As Perez is not currently confined, however, those conditions do not render this appeal justiciable.

## DISPOSITION

The appeal is dismissed as moot.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


         LAVIN, Acting P. J.

WE CONCUR:


  EGERTON, J.


  DHANIDINA, J.