Filed 4/12/22  In re Douglas CA3
(opinion on transfer from Supreme Court)

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| In re TYRONE A. DOUGLAS,<br><br>on Habeas Corpus. | C091545<br><br>(Super. Ct. Nos. 13F00422, 12F01245)<br><br>OPINION ON TRANSFER |

This matter was transferred to this court to consider the merit of Tyrone A. Douglas's claim in his petition for writ of habeas corpus that he is eligible for early parole consideration under Proposition 57, the Public Safety and Rehabilitation Act of 2016.[1]  (*In re Douglas* (Mar. 9, 2022) 2022 Cal.LEXIS 1405, S268570.)  Because Douglas has been released on parole, we will dismiss the petition as moot.

BACKGROUND

Douglas, who was convicted of two nonviolent felonies and a violent felony and sentenced to prison, filed a petition for writ of habeas corpus challenging a regulation

---

[1] Douglas declined to file a supplemental brief after transfer.  The Attorney General filed a supplemental return to the order to show cause.

1

adopted by the California Department of Corrections and Rehabilitation (CDCR) that limited the parole-consideration benefit of section 32, subdivision (a)(1) of article I of the California Constitution to inmates who were convicted *only* of nonviolent felonies, thus excluding from early parole consideration anyone convicted of one or more violent felonies plus one or more nonviolent felonies, so-called "mixed-offense inmates." (See Cal. Code Regs., tit. 15, § 3490, subd. (a)(5) [excluding violent offenders from nonviolent offender parole consideration].) We denied Douglas's petition for writ of habeas corpus, concluding that "a person convicted of a violent felony offense and sentenced to state prison is ineligible for early parole consideration under section 32(a)(1)." (*In re Douglas* (2021) 62 Cal.App.5th 726, 734, review granted June 16, 2021, ordered not published Mar. 9, 2022, S268570.) The California Supreme Court granted review and later transferred the matter back to this court with directions "to reconsider the cause in light of *In re Mohammad* (2022) 12 Cal.5th 518. . . ." (*In re Douglas, supra*, 2022 Cal.LEXIS 1405, S268570.) Two days after the transfer order, Douglas was released on parole.[2]

DISCUSSION

" ' "[W]hen, pending an appeal from the judgment of a lower court, and without any fault of the [opposing party], an event occurs which renders it impossible for this court, if it should decide the case in favor of [defendant], to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal" ' as moot. [Citations.]" (*People v. DeLeon* (2017) 3 Cal.5th 640, 645.) The same applies

---

[2] We take judicial notice of Douglas's release on parole on March 11, 2022, as reflected in CDCR's movement history for Douglas, attached as Exhibit 2 to the Attorney General's supplemental return to the order to show cause filed in this court on March 24, 2022. (Evid. Code, § 452, subd. (c).)

to a petition for writ of habeas corpus that has become moot; it must be dismissed. (*In re Miranda* (2011) 191 Cal.App.4th 757, 763.)

The sole relief Douglas requested in his petition for writ of habeas corpus was early parole consideration under Proposition 57. Because Douglas has been released on parole, we cannot grant him effectual relief. Accordingly, we must dismiss the petition as moot.

## DISPOSITION

The petition is dismissed as moot, and the order to show cause is discharged.


　　　　　　　　　　　　　　　　　　　／S／
　　　　　　　　　　　　　　　　　　MAURO, J.


We concur:


　　／S／
ROBIE, Acting P. J.


　　／S／
RENNER, J.