[Civ. No. 20635. Second Dist., Div. One. Apr. 18, 1955.]

Estate of ALFRED G. BLAIR, Deceased. PHOEBE L. BONNEN, Appellant, v. ALFRED GRANVILLE BLAIR, JR., et al., Respondents.

Roy B. Woolsey for Appellant.

Leon U. Everhart, Edward Payson Hart and Montgomery G. Rice for Respondents.

DORAN, J.—The action is for a decree determining heirship and interests in the estate of deceased.

Petitioner Alfred Granville Blair alleges that, "under the terms of the Will of Alfred G. Blair, the American Bible Society, a charitable institution, will receive the entire corpus of said estate after the life tenancies of Phoebe L. Bonnen, Naomi Blair Ruoff and Carolyn Ruoff. That, under the terms of the Will of Alfred G. Blair, said American Bible Society will receive in excess of one-third of the said decedent's estate and, therefore, is violative of the provisions of Section 41 of the Probate Code. Insofar as said Will provides for distribution of the decedent's estate in excess of one-third thereof to the American Bible Society, your petitioner is entitled to distribution as to one-half of said excess."

In answer to the petition, Phoebe L. Bonnen alleges that, "answering party is to receive one-half of the property in said estate either in fee or for life with the power to consume, and NAOMI BLAIR RUOFF receives the other half of the estate upon like terms. By reason thereof the AMERICAN BIBLE SOCIETY will not receive in excess of one-third of said decedent's estate, and, therefore, the bequest referred to in said Petition is not violative of the provisions of Section 41 of the Probate Code. Futhermore, insofar as said Will provides for the distribution of any excess over and above one-third of the estate to the AMERICAN BIBLE SOCIETY, if any, said ALFRED GRANVILLE BLAIR would not be entitled thereto, but this answering party would be entitled thereto by reason of the fact that the gift over after her life estate would be void."

Following the hearing the court decreed, "that, pursuant to the Last Will and Testament of decedent, Phoebe L. Bonnen and Naomi Blair Ruoff are entitled to receive whatever remained the property of the estate of decedent upon the termination of the life estate of Susan Ann Blair, as life tenants, and to receive and consume the income therefrom, equally, for and during their lifetimes; that upon the death of either of them the other one of them is entitled to receive the share of such deceased life tenant in the property of said decedent constituting the principal of their said life estate as life tenant, and to receive and consume the income

from the whole of said life estate for and during the remainder of her lifetime; that said life tenants Phoebe L. Bonnen and Naomi Blair Ruoff are not, and neither of them is, entitled to consume any part of the principal of the estate of the decedent which may be distributed to them as life tenants; and that said life estates began on May 21, 1951, the date of the death of Susan Ann Blair, the surviving and subsequently deceased wife of the decedent.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that jurisdiction to determine the amount to be awarded to American Bible Society and the possible violation of section 41 of the Probate Code is hereby reserved until the termination of the life estates of Phoebe L. Bonnen and Naomi Blair Ruoff as provided in the Will of decedent.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that all other issues raised in or by said Petition, said Answer or by law are reserved for further hearing and determination in the manner and at the time or times provided by law, and jurisdiction to do so is hereby reserved."

It is contended by appellant that "clearly, his will expressly gives appellant and the daughter of decedent the right to consume or at least expressly gives the same rights as given to the widow including her implied right to consume."

It is also contended that, "Appellant and the daughter of decedent have a right to consume the principal of their life estate by clear and necessary implication."

The will provides for four life estates. The wife of deceased received the first, appellant herein the second.

To the contrary, respondent argues that, "To us it seems irrational to argue that the testator intended to limit his invalid wife to invasion only if necessary and at the same time intended to enable the second life tenants to deal with the whole of the estate coming to them at their pleasure and to use it all and that the testator in spite of this latter intention, went to the trouble to work out and set down the elaborate structure and meticulous detail of the second, third and fourth life estates and alternate remainders of property previously disposed of."

The issue involved is one of interpretation and construction. The will is clear and unambiguous and it is unnecessary to resort to the rule, as argued by appellant, that "In construing a will a court may supply omitted words and gifts have been made by implication."

Decedent's estate was devised to the wife, "she to have and use all of the income therefrom and the principal if necessary . . . and whatever remains of my said property and the income therefrom to my sister-in-law, Phoebe L. Bonnen, and my daughter, Naomi Blair Rouff, equally, for life, and upon the death of either to the other for life." There is nothing in the will that suggests that later beneficiaries may "consume" the principal.

The court's order and decree is supported by the record and the law.

Affirmed.

White, P. J., and Drapeau, J., concurred.

A petition for a rehearing was denied May 9, 1955, and appellant's petition for a hearing by the Supreme Court was denied June 16, 1955.