[Civ. No. 21334.   Second Dist., Div. One.   Mar. 14, 1956.]

Guardianship of the Person and Estate of SUSAN ANN BLAIR, an Incompetent Person.   REBECCA RILEY, as Administratrix, etc., Appellant, v. NAOMI BLAIR RUOFF, as Guardian, etc., Respondent.

Pines & Walsh and Roy B. Woolsey for Appellant.

Leon U. Everhart and Montgomery Rice for Respondent.

DORAN, Acting P. J.—This is an appeal by Rebecca Riley, as administratrix of the deceased ward's estate, from an order in the guardianship proceeding, approving account of closing expenses, discharging the guardian, Naomi Blair Ruoff, and exonerating bond; and denying objections to closing expenses, petition for surcharge and for vacation of order.

Alfred G. Blair died July 8, 1950, leaving the entire estate to wife Susan for life, with remainder for life, share and share alike to the respondent daughter, Naomi Blair Ruoff and to Phoebe L. Bonnen, and their survivor. On August 2, 1950, Naomi was appointed executrix of Mr. Blair's estate. On August 8, 1950, the widow, Susan, was declared incompetent and Naomi became guardian of both person and estate.

Although Mr. Blair's estate was sufficient to provide a widow's allowance, no application therefor was made by anyone. Naomi, as guardian, secured in Susan's guardianship proceeding, an order for the widow's maintenance, of not to exceed $500 per month for 14 months. No appeal from this order was taken. The maintenance of Susan, under this order, was accordingly paid from the guardianship estate until Susan's death on May 2, 1951, the sum of $5,216.58 being so paid.

Subsequent to the death of Susan, Phoebe L. Bonnen was appointed administratrix of Susan's estate, and on August 31, 1951, Naomi filed a final account as Susan's guardian, showing the above mentioned expenditure for Susan's maintenance. No objections were filed to this account and the same was duly approved and settled; no appeal was taken from the order made. Thereafter, Naomi, the retiring guardian, sought the vacation of this final settlement with leave to file a supplemental and amended report to include additional matters not relating to the widow's allowance. To certain items of this final account, Phoebe L. Bonnen, Susan's administratrix, filed written objections, but made no objection that the guardian's report did not show application in Mr. Blair's estate for a widow's allowance nor that the report wrongfully showed maintenance from the ward's estate. Subsequently thereto, Phoebe resigned as administratrix and Rebecca Riley, appellant herein, was appointed as Susan's administratrix.

At the hearing on the objections, at which all interested parties were present in person or by counsel, the trial court determined that payment made by Naomi as the guardian, of certain notes of Alfred G. Blair, amounting to $18,453.94,

should have been made by Naomi as executrix of Alfred's estate. Certain other minor items were found not proper credits, and an order of June 11, 1953, surcharged the guardian in the total sum of $19,794.47. Naomi was ordered to pay such sum to Rebecca Riley, appellant herein, as the administratrix of Susan's estate. It was further ordered "that except as herein otherwise adjudged, said guardian's account as supplemented, is approved and settled." It will be noted, as respondent points out, that in this proceeding, no objection was made to the guardian's payment for Susan's maintenance, and the trial court did not direct Susan's estate to sue Alfred's estate for the amount so expended.

On June 24, 1954, in open court, in proceedings relating to the estate of Alfred, a settlement stipulation was entered into between Phoebe L. Bonnen, Rebecca Riley who was Susan's administratrix, and Naomi, the then executrix of Alfred's estate and Susan's guardian, whereby Alfred's estate repaid to Susan's estate the $18,453.94 erroneously paid out of Susan's estate to cover Alfred's notes. Naomi had paid to Susan's estate the minor items surcharged, retained only $500 for closing expenses in the guardianship, and resigned as Alfred's executrix. The trial court made an order pursuant thereto.

In arriving at this settlement stipulation, the court said, "Let's not quibble about the interest," and inquired whether there were "any other matters that we have not covered?" Susan's administratrix, Rebecca Riley, the present appellant, raised no further question as to any claims against Naomi or the guardianship estate.

Naomi thereafter filed a report of the closing expenses as ordered, and petitioned for discharge. The appellant Rebecca, as Susan's administratrix, then filed objections thereto, seeking to open up the entire record, to vacate the order of June 11, 1953, and to hold Naomi liable for failure to collect interest from Alfred's estate on the $18,453.94 paid on Alfred's notes. On March 25, 1955, the trial court overruled appellant's objections, approved the closing account, discharged Naomi as guardian, refused to vacate the previous order of June 11, 1953, and refused to further surcharge the guardian. The present appeal is from this order.

In the written objections just mentioned, appellant sets forth, "That following the death of said Susan Ann Blair and the appointment of an administratrix for her estate, an application for such family allowance was then filed.

An order was thereafter made for the payment of such family allowance from the estate of Alfred G. Blair, deceased, from which order the said Naomi Blair Ruoff and one Alfred Granville Blair, appealed. Said appeal was ultimately determined by the Supreme Court . . . in which the order for family allowance was reversed on the ground that the death of Susan Ann Blair divested the probate court from making an order in her predeceased husband's estate for her allowance. In its opinion in such case (42 Cal.2d 728 [269 P.2d 612]), the Supreme Court held that 'The guardian may be held to account in the guardianship proceedings for any alleged failure to preserve the ward's estate by failing to make a timely application for family allowance'. The failure of the guardian to apply for a family allowance from her predeceased husband constituted a fraud upon the ward and upon the ward's estate."

It is appellant's contention that "A. A guardian is liable for failure to take advantage of a right or source of funds as family allowance"; that "B. Approval of the guardian's account does not deprive the court of jurisdiction to hold her liable for failure to apply for family allowance, although such failure occurred during a period covered by the account"; and that "C. The guardian should not be discharged and her bond should not be exonerated until she has paid the interest" on the $18,453.94 hereinbefore mentioned.

The record herein discloses a long series of objections, and court proceedings of various kinds in relation to the three estates involved, namely that of Alfred G. Blair, Deceased, Susan Ann Blair, Incompetent, and Susan Ann Blair, Deceased, dating from the death of Alfred in 1950. After divers legal maneuvers, a stipulation was entered into in open court, as hereinbefore mentioned, which apparently, as respondent states, "closed all connection and responsibility of Naomi in both estates except for the item of Closing Expenses left in her hands under court order."

The position of the appellant is untenable. A survey of the record indicates that appellant's rights have in no manner been prejudiced at any point in the proceeding, and that the determination as it now stands, and as it stood when the settlement stipulation was entered into, affords adequate protection to all parties having an interest therein. It is fundamental that there must be an end to all litigation.

As stated in respondent's brief, "A person who is simul-

taneously executrix of one estate and guardian of the estate of the incompetent widow of the decedent and who acts in good faith with ordinary diligence and prudence in maintaining the ward from her own estate and not seeking widow's allowance has no liability for mistake in judgment." In the instant case there is no showing of bad faith, carelessness or imprudence on the part of Naomi. In this situation, there is no occasion for the imposition of liability.

The previous appeal, *Estate of Blair,* 42 Cal.2d 728 [269 P.2d 612], furnishes no authority for the appellant's position. The only issue before the reviewing court in that case was whether a family allowance for maintenance of the widow could be made after the widow's death, and it was held that such allowance is entirely statutory, and Probate Code, section 680 makes no provision for such allowance after a widow's death. Whether Naomi, as Susan's guardian and Alfred's then executrix, should be held liable for failure to apply for such allowance during the widow's lifetime, was not an issue. Nor is the appellant's argument supported by the other authorities cited.

As hereinbefore noted, the trial court's order authorizing Susan's maintenance from the incompetent's estate, was not appealed from, and became final. Payments, authorized by such order, were made by Naomi as hereinbefore set forth. And, as mentioned in respondent's brief, when the court stipulation was made, the present appellant made "no claim against Naomi for paying maintenance from the ward's estate and not collecting widow's allowance." The only matter then remaining undisposed of was the guardian's duty to render further account in respect to closing expenses, which account was duly filed, and approved. This closing account was obviously intended to and should have set the entire matter at rest for all time. Such, indeed, is its legal effect.

Examination of the entire record, the orders made, the stipulation entered into, and the various activities of the interested parties, indicate that there has been no miscarriage of justice, and that there is no merit in the present appeal.

The order is affirmed.

Fourt, J., concurred.

A petition for a rehearing was denied April 16, 1956, and appellant's petition for a hearing by the Supreme Court was denied May 9, 1956.