[L. A. No. 24622. In Bank. Nov. 1, 1957.]

REBECCA RILEY, as Administratrix, etc., Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; NAOMI BLAIR RUOFF et al., Real Parties in Interest.

Pines & Walsh, Harry A. Pines and Roy B. Woolsey for Petitioner.

No appearance for Respondent.

Leon U. Everhart, in pro. per., and Montgomery G. Rice for Real Parties in Interest.

CARTER, J.—This is a petition for a writ of certiorari by Rebecca Riley, as administratrix of the estate of Susan Ann Blair, an incompetent person. By the petition, Rebecca Riley seeks to annul an order of the superior court which awarded fees and expenses to Naomi Blair Ruoff, guardian of the person and estate of Susan Ann Blair, now deceased. (This case is part of a long line of litigation—see *Estate of Blair,* 126 Cal. App.2d 759 [272 P.2d 866] [hearing denied] ; *Estate of Blair,* 127 Cal.App.2d 130 [273 P.2d 349] ; *Estate of Blair,* 132 Cal. App.2d 305 [282 P.2d 116] [hearing denied] ; *Guardianship of Blair,* 139 Cal.App.2d 832 [294 P.2d 521] [hearing denied] ; *Estate of Blair,* 42 Cal.2d 728 [269 P.2d 612].)

On August 8, 1950, Naomi Blair Ruoff was appointed and qualified as the guardian of the person and estate of Susan Ann Blair, an incompetent person. Susan Ann Blair died on May 21, 1951, and one Phoebe L. Bonnen was appointed and qualified as administratrix of her estate and letters of administration were issued to her. Phoebe L. Bonnen acted as administratrix of the decedent's estate until November 3, 1952, when she resigned and was succeeded by Rebecca Riley who has ever since acted as such administratrix.

On August 31, 1951, Naomi Blair Ruoff filed a first and final account and report of her guardianship, petition for fees and for distribution; on September·27, 1951, the court approved the account and awarded the fees prayed for— $1,750 to the guardian, Naomi Blair Ruoff, and $1,800 to the guardian's attorney.

On November 15, 1951, Naomi Blair Ruoff, hereinafter referred to as Guardian, petitioned the superior court to set aside its order approving the account and award of fees so that certain tax matters could be better presented.

On November 19, 1951, Rebecca Riley, hereinafter referred to as Administratrix, moved for an order directing the immediate delivery to her of all assets of the deceased's estate.

On November 23, 1951, the probate court granted the Guardian's petition to set aside its order of September 27, 1951.

On February 25, 1952, the Administratrix filed a second petition for the immediate delivery of all assets.

On April 22, 1952, the Guardian's amended supplemental report and account was filed. On May 2, 1952, the Administratrix filed objections and sought to vacate the vacation order of November 23d.

On August 5, 1952, the Administratrix filed a third petition for an order directing the Guardian to turn over all funds of the estate. On August 18th, the court directed the Guardian to deliver the sum of $20,000 to the Administratrix for tax purposes.

On January 6, 1953, a hearing was had on the amended supplemental report and account and the objections and on January 8th the court ordered all assets delivered to the Administratrix except for certain sums to be retained by the Guardian for miscellaneous closing expenses. The court did not pass on the amended report at this time.

On January 16, 1953, the Guardian turned over to the Administratrix the sum of $205,184.59.

On June 11, 1953, the court approved, with certain exceptions, the amended report.

On July 9, 1953, the Guardian appealed from certain portions of the order. (*Estate of Blair,* 127 Cal.App.2d 130 [273 P.2d 349].)

On June 24, 1954, the Guardian and Administratrix entered into a stipulation which was considered by the District Court of Appeal in a later opinion (*Guardianship of Blair,* 139 Cal. App.2d 832, 834 [294 P.2d 521] ; hearing denied by this court on May 9, 1956).

On November 1, 1954, the Guardian filed her account of closing expenses, and on December 14, 1954, the Administratrix filed objections.

On March 5, 1955, the probate court made its order approving and settling the report of closing expenses, the discharge

of the Guardian, the exoneration of the Guardian's bond, and denying the Administratrix' petitions for surcharge and vacation of the order of June 11, 1953.

On March 25, 1955, the Guardian filed proposed findings of fact and conclusions of law and a proposed order thereon; the Administratrix filed objections. On April 11, 1955, a hearing was had on the proposals filed by the Guardian and the objections filed by the Administratrix. The objections were overruled and the findings, conclusions, and the order were signed by the trial court. The Administratrix moved for a new trial which motion was denied.

On April 26, 1955, the Administratrix appealed from the order which was affirmed and a petition for hearing by this court was denied (*Guardianship of Blair*, 139 Cal.App.2d 832 [294 P.2d 521]).

On May 14, 1956, the remittitur issued to and was filed in the trial court.

On June 14, 1956, the Guardian petitioned the court for additional fees for herself in the sum of $3,250 and for her attorney (as Guardian) the additional sum of $10,200 for services rendered since her petition of August 31, 1951. On November 27, 1956, the court granted the petition for fees although they were reduced as follows: to the Guardian the sum of $3,250, and to the attorney the sum of $8,200. The court also declared a lien in favor of the Guardian against the estate of the deceased ward. It is from this order that the Administratrix seeks a writ of certiorari and a declaration that the fees awarded be annulled.

The Administratrix contends that the probate court was without jurisdiction to entertain the Guardian's petition for additional compensation for herself and the attorney or to declare a lien in favor of the Guardian against the estate of the deceased ward since its jurisdiction terminated with the order of March 25, 1955, approving the closing account and ordering the discharge of the Guardian.

We have concluded that the contentions made by the Administratrix are without merit and that the court had jurisdiction to make the order complained of. ▮ It is elementary that where a tribunal has jurisdiction over the parties and the subject matter, the jurisdiction continues until a final judgment is entered (*Kennedy* v. *Industrial Acc. Com.*, 50 Cal. App. 184, 191 [195 P. 267]; 13 Cal.Jur.2d 602). Section 1049 of the Code of Civil Procedure provides that "An action is deemed to be pending from the time of its commencement

until its final determination upon appeal, or until the time for appeal has passed, unless the judgment is sooner satisfied.'' ■ After the remittitur has gone down in accordance with the provisions of section 958 of the Code of Civil Procedure the jurisdiction of the appellate court over the action ceases and jurisdiction is then revested in the trial court (*Nuckolls* v. *Bank of California*, 10 Cal.2d 266 [74 P.2d 264, 114 A.L.R. 708]; *People* v. *Hall*, 115 Cal.App.2d 144 [251 P.2d 979]; 4 Cal.Jur.2d 566). ■ In the case at bar the additional fees had been made necessary by the action of the Administratrix in appealing from the original order fixing the fees. The court could not, prior to the determination of the appeal, award fees which had not accrued. Upon the remand of a case by the appellate court to the lower court, the trial court again has general jurisdiction of the subject matter of the action and of the parties and although it is bound to comply with the directions given by the appellate court (4 Cal.Jur.2d 574, 575) it may make further and additional orders concerning matters which have accrued during the time the appeal was pending such as the fees in the case at bar. Section 1556 of the Probate Code provides that ''At any time after the filing of the inventory and appraisement . . . any guardian may petition the court for an order fixing and allowing his compensation for services rendered to that time and for an order fixing and allowing compensation to his attorney for services rendered to the guardian. . . .'' ■ The Administratrix' argument that because the guardianship had terminated, the Guardian had no capacity to act for the estate is also without merit. The guardianship did not terminate until the judgment of the District Court of Appeal, affirming the order of the trial court discharging the guardian, became final. The order under attack in this proceeding involved fees for services rendered during the continued existence of the guardianship inasmuch as the fees related to the services performed in connection with the appeal from the order discharging the guardian and the fees allowed her and her attorney.

■ While it is difficult to understand just what position the Administratrix is taking insofar as the question of fees is concerned, since it is admitted (Objection 3) that the Guardian's attorneys did render services in connection with the appeal, it is further argued that a stipulation (heretofore noted), and a reference made thereto by the District Court of Appeal (139 Cal.App.2d 832, 835 [294 P.2d 521]), con-

stitutes the law of the case. The District Court of Appeal there stated: "After divers legal maneuvers, a stipulation was entered into in open court, as hereinbefore mentioned, which apparently, as respondent states, 'closed all connection and responsibility of Naomi in both estates except for the item of Closing Expenses left in her hands under court order.'

"The position of the appellant is untenable. A survey of the record indicates that appellant's rights have in no manner been prejudiced at any point in the proceeding, and that the determination as it now stands, and as it stood when the settlement stipulation was entered into, affords adequate protection to all parties having an interest therein. It is fundamental that there must be an end to all litigation." The Administratrix' argument fails in view of the fact that it was she who caused the necessity for the additional fees. ■■ As the court held in *Estate of Evans,* 62 Cal.App.2d 249, 257 [144 P.2d 625], "with reference to matters not previously reported, the probate court had the power to surcharge a trustee on a supplemental account made after a decree settling a final account. (*Estate of Blake,* 157 Cal. 448 [108 P. 287].) In *Estate of Hovland,* 38 Cal.App.2d 439, 446 [101 P.2d 500], the court said: 'It requires no citation of authority for the statement that orders settling accounts or ordering distribution can only be conclusive as to such items or issues as are included in the account or raised in connection with the petition for partial distribution. The doctrine of res judicata therefore has no application here.' "

■■ We specifically noted in *Guardianship of Cookingham,* 45 Cal.2d 367, 374 [289 P.2d 16], that "both sections contemplate that the *services* and expenditures *be completed before the claim for* compensation. (§ 904 ['services rendered up to that time']; § 1556 ['reasonable expenses incur*red* in the execution of his trust'].) And section 1556 specifies that the compensation shall be such as 'the court in which his accounts are settled deems just and reasonable.' " (Emphasis partially added.) It was also implicit in our statement in the Cookingham case (p. 374) that "section 1556 expressly allows the guardian, at any time after the filing of the inventory and appraisement, to 'petition the court for an order fixing and allowing his compensation for services rendered to that time and for an order fixing and allowing compensation to his attorney for services rendered to the guardian' " when taken together with the heretofore quoted paragraph from the same case that the only requirement is that the services must have

been rendered to the estate prior to the time the claim for compensation is made. In the case at bar no claim could have been made for compensation prior to the time the remittitur was sent down because until that time the compensation for the services rendered, or that might be performed, in connection with the appeal were not known.

There is also no merit to the Administratrix' contention that the trial court was without jurisdiction to declare a lien upon the assets of the estate of Susan Ann Blair, deceased, which had been turned over to her as administratrix. We held in *Estate of Clanton,* 171 Cal. 381, 385 [153 P. 459], and *Estate of Schluter,* 209 Cal. 286, 292 [286 P. 1008], that the court has jurisdiction to award the guardian fees and to declare a lien in the guardian's favor even though all the property has been turned over to the administrator of the deceased ward's estate. Both of these cases made it clear that actual control of the ward's estate was not essential to the court's jurisdiction. The allowance for attorney fees and fees for the guardian are a charge against the estate of the ward (*Guardianship of Cookingham,* 45 Cal.2d 367, 375 [289 P.2d 16]).

In view of the foregoing settled rules of law, the order of the trial court is affirmed.

Gibson, C. J., Shenk, J., Traynor, J., Schauer, J., Spence, J., and McComb, J., concurred.

Petitioner's application for a rehearing was denied November 26, 1957.