Filed 1/11/22  P. v. Bonilla CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E075432 |
| v. | (Super.Ct.No. RIF70936) |
| MANUEL BONILLA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed.

Benjamin Kington, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Steve Oetting and Paige B. Hazard, Deputy Attorneys General, for Plaintiff and Respondent.

1

On remand from this court, defendant and appellant, Manuel Bonilla, filed an amended motion to withdraw or vacate his conviction pursuant to amended Penal Code[1] section 1473.7 (Stats 2018, ch. 825, § 2), which the court denied. On appeal, defendant contends the court erred in denying his motion. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND[2]

On September 25, 1996, the victim was sitting in the driver's seat of his car at a gas station. Defendant and his cohort approached the victim's driver's side window; defendant asked for a cigarette. Defendant reached into the car and grabbed the victim's cell phone from the dashboard; defendant and his cohort then ran to defendant's car. The victim and his friend pursued them until defendant and several others exited the car and started coming toward the victim and his friend. The victim returned to his car. (*People v. Bonilla*, *supra*, E068880.)

Defendant approached the victim and stabbed him several times. Defendant and his cohort fled the scene but were later apprehended by police. The victim identified defendant as the person who stole his cell phone and stabbed him. Officers recovered the victim's cell phone from defendant's residence. Two knives were recovered from underneath the driver's seat of defendant's car. (*People v. Bonilla*, *supra*, E068880.)

---

[1] All further statutory references are to the Penal Code.

[2] On the court's own motion, we take judicial notice of the record in defendant's appeal of his original motion pursuant to former section 1437.7 (Stats 2016, ch. 739, § 1). (*People v. Bonilla* (Feb 3, 2020, E068880) [nonpub. opn.]; Evid. Code, §§ 452, 459; Cal. Rules of Court, rule 8.1115(b).) We rely on that opinion for much of the factual and procedural background.

2

On January 23, 1997, the People charged defendant by information with robbery (§ 211, count 1) and assault with a deadly weapon (§ 245, subd. (a)(1), count 2). The People also alleged that defendant committed both counts while personally using a deadly weapon. (§§ 12022, subd. (b), 1192.7, subd. (c)(23).) (*People v. Bonilla*, *supra*, E068880.)

On July 8, 1997, pursuant to a plea agreement, defendant plead guilty to the count 1 offense and admitted the weapon enhancement. Defendant initialed the box next to the statement: "If I am not a citizen of the United States, I understand that this conviction may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States." Defendant signed his name on the plea form, beneath the statement: "I declare under penalty of perjury that the initials that appear above are my own, and that I have read and understand each statement that I have initialed." (*People v. Bonilla*, *supra*, E068880.)

Defendant's trial counsel also signed the form beneath the following statement: "I am the attorney for the above named defendant. I am satisfied that (1) the defendant understands his/her constitutional rights and understand[s] that a guilty plea would be a waiver of these rights; (2) that [t]he defendant has had an adequate opportunity to discuss his/her case with me, including any defenses he/she may have to the charges; and (3) that the defendant understands the consequences of his[] guilty plea. Furthermore, I join in the decision of the defendant to enter a guilty plea at this time." (*People v. Bonilla*, *supra*, E068880.)

Pursuant to the plea agreement, the court dismissed count 2 and the attendant weapon enhancement. The court imposed the low term of two years on count 1 and one year on the weapon enhancement. The court ordered the time imposed on the weapon enhancement stayed, suspended execution of the sentence on count 1, and released defendant on probation under specified conditions. (*People v. Bonilla*, *supra*, E068880.)

On January 22, 2016, the trial court held a hearing on defendant's motion to set aside his guilty plea pursuant to section 1203.4. The People opposed the motion, noting that defendant has been convicted of "a DUI with injury as a misdemeanor in 2001" "while he was still on probation" in the instant case. The court granted the motion. A plea of not guilty was entered; the court ordered the case dismissed.[3]

On January 13, 2017, the court granted defendant's motion for a certificate of rehabilitation and pardon. The certificate reflects that the court had decreed that defendant had been rehabilitated and was fit to exercise all the civil and political rights of citizenship, except as provided in section 4852.15. (*People v. Bonilla*, *supra*, E068880.)

On July 7, 2017, defendant filed a motion to vacate his conviction, pursuant to former section 1473.7. He asserted that he qualified for relief because his trial counsel's representation was so constitutionally ineffective that it rendered him unable to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of his guilty plea. Defendant specifically claimed that his attorney's representation fell below an objective standard of reasonableness since he

---

[3] The reporter's transcript does not reflect the entry of a not guilty plea and dismissal of the case.

did not adequately investigate the immigration consequences of the guilty plea, never discussed the immigration consequences of the plea, and did not attempt to obtain an immigration-safe plea bargain. Defendant further argued that he was prejudiced because, if he had been properly counseled, he would not have pled guilty; instead, he would have sought an alternative, immigration-neutral plea or gone to trial. (*People v. Bonilla*, *supra*, E068880.)

In support of the motion, defendant submitted a copy of the minute order from his plea hearing, a copy of his plea agreement, and a newspaper article from 2016 about the violence in El Salvador, where defendant was born. He also submitted a declaration in which he stated that he was not advised by the court or his public defender that his felony conviction would have the effect of excluding him from admission or exposing him to deportation and denial of citizenship; that he signed his plea form, but did not read it or understand its contents and, thus, was unaware that his conviction would have any adverse immigration consequences; that it was not until he consulted with an immigration attorney regarding his application for lawful permanent residency that he discovered he was subject to mandatory exclusion from the United States as a direct consequence of his felony conviction; and that, had he known he was bargaining away his lawful immigration status, he never would have agreed to a plea. Defendant did not submit a declaration from his trial counsel. (*People v. Bonilla*, *supra*, E068880.)

The People filed opposition to the motion, arguing that (1) there was no longer any guilty plea to withdraw, (2) defendant had failed to explain the 20-year delay in filing the motion, (3) the court properly advised defendant of the immigration consequences of his

5

plea, (4) defendant had failed to support his claim that he did not understand the immigration consequences of his plea with independent evidence, and (5) defendant failed to establish prejudice from any misunderstanding regarding the immigration consequences of his plea.

On August 2, 2017, defendant filed a reply, maintaining that (1) a section 1203.4 dismissal does not provide meaningful immigration relief, (2) former section 1473.7 did not exist until January 1, 2017, making defendant's motion timely, and (3) defendant's declaration sufficiently established that he did not understand the immigration consequences of his plea. Defendant attached to his reply a minute order reflecting that on January 13, 2017, the court granted defendant's unopposed motion for rehabilitation and pardon. Defendant additionally attached a certificate of rehabilitation filed the same day.

On August 4, 2017, the court held a hearing on the motion. Defense counsel informed the court that defendant was currently working with a lawyer in immigration court, and the immigration judge said the problem was the court's imposition of a two-year sentence in defendant's case: "I have to say this is a complicated area. It is complicated for me, and if it was complicated for me today, it was certainly complicated for [defendant] in 1997." Moreover, defense counsel asserted that even though defendant never served any time in prison, and a section 1203.4 motion had been granted, the

6

conviction still disqualified him for immigration purposes.[4] Counsel asserted that defendant would have insisted on a different resolution if he had been informed of the negative immigration consequences of his plea.

The court acknowledged that defendant had "become a productive contributor to the economy" and had "led a law-abiding life since" his commission of the offense for which he had been previously convicted.[5] However, the court exposited the following issues with defendant's assertion that he did not understand the immigration consequences of his plea: "But the problem is . . . that I took [his] plea, and I know what I do when I take pleas, and he was advised of the . . . potential immigration consequences. He initialed on the plea form that he was advised of those consequences, and that he understood them. In his declaration, he says quite the opposite, and I don't believe him. I would expect him to say that given the predicament he apparently is in now. [¶] But in addition to the written advisement, I ask every single person who enters a plea in front of me if they understand each and every one of these consequences. And

---

[4] In our opinion from defendant's previous appeal, we noted "that section 1203.4 'simply authorizes a court to grant relief to individuals who successfully complete the terms of probation by mitigating some of the consequences of conviction.' (*Baranchik v. Fizulich* (2017) 10 Cal.App.5th 1210, 1225.) In other words, it 'does not, properly speaking, "expunge" the prior conviction. The statute does not purport to render the conviction a legal nullity. Instead, it provides that, except as elsewhere stated, the defendant is' 'released from all penalties and disabilities resulting from the offense.' (*People v. Frawley* (2000) 82 Cal.App.4th 784, 791.)" (*People v. Bonilla*, *supra*, E068880.)

[5] This contrasts with the People's assertion at the section 1203.4 hearing that defendant had since been convicted of "a DUI with injury as a misdemeanor in 2001" "while he was still on probation."

he said, 'yes.'" "The issue is, was [defendant] made aware of, and did he indicate he understood the potential immigration consequences that would arise if he entered a plea of guilty no matter what the sentence? Do you understand that by entering a plea of guilty to this offense, if you're not a citizen, you may be deported? And [defendant] answered in the affirmative."

Defense counsel interjected that he was not contending the court did not comply with section 1016.5; however, he asserted that a section 1016.5 warning was not a bar to relief under former section 1473.7.[6] Defense counsel then pointed out that if defendant had heard from his counsel that his plea would *definitely* have immigration consequences, as opposed to *potential* consequences, the situation would be different. The court noted: "I sympathize with him also because of the present occupant of the highest office in the land cracking down on individuals such as" defendant. Nonetheless, the court denied the motion. On August 4, 2017, defendant filed an appeal from the order.

On February 9, 2018, defense counsel filed a brief on jurisdiction in which he contended the parties proposed to enter a stipulation "vacating the July 18, 1997, judgment, and reinstating judgment with sentencing under the terms of the stipulation." Defendant contended that the People's stipulation gave the court subject matter jurisdiction to effect the stipulation, citing *In re Stier* (2007) 152 Cal.App.4th 63. Alternatively, defendant contended jurisdiction over the stipulation might be conveyed under former section 1473.7.

---

[6] Of course, defendant's motion argued otherwise: "[T]he court did not advise [defendant] of the immigration consequences prior to his guilty plea."

8

On the same date, defendant filed a stipulated order signed by both parties and the court. The stipulation provided that defendant's sentence of July 8, 1997, would be vacated nunc pro tunc. Further, the stipulation provided, "[d]efendant is sentenced . . . the original date of sentencing, imposition of sentence is suspended. Defendant is placed on three years formal probation, to serve 150 days county jail, with credit for 150 days. As to the enhancement, imposition of sentence is suspended. Defendant is placed on three years formal probation. Probation is deemed completed as successful."

By opinion filed February 3, 2020, we affirmed the court's denial of defendant's original former section 1473.7 motion, holding that defendant had failed to demonstrate that his counsel's performance was deficient or that his plea was not knowing, intelligent, or voluntary.[7] (*People v. Bonilla*, *supra*, E068880.) However, after briefing in that case was completed, the Legislature amended section 1473.7 to provide relief upon a finding of "legal invalidity [which] may, but need not, include a finding of ineffective assistance of counsel." (Amended § 1473.7, subd. (a)(1) (Stats 2018, ch. 825, § 2, eff. Jan. 1, 2019; see *People v. Bonilla*, *supra*, E068880.) Thus, we remanded the matter for defendant "to amend the motion to prove his own error in not meaningfully understanding or knowingly accepting the actual or potential immigration consequences of his plea." (*People v. Bonilla*, *supra*, E068880.) We ordered that "[i]f defendant declines to amend his motion within 30 days, the trial court shall reinstate the order denying his [former] section 1473.7 motion." (*Ibid.*)

---

[7] Neither of the parties made this court aware of the stipulated order vacating defendant's sentence nunc pro tunc while the appeal was pending.

9

On July 1, 2020, defendant filed an amended motion to vacate his conviction pursuant to amended section 1473.7 "on limited remand from the Court of Appeal."[8] Defendant attached to the amended motion a declaration, which was identical to that which he had attached to his original motion, except for the addition of the following language: "In particular, I didn't understand that this conviction would *definitely* result in my deportation. I did not understand that a suspended execution of sentence meant deportation was definite. If I had known, I would have insisted on a deal that made me safe from deportation, even if it meant doing more jail time or longer probation."

The People filed opposition, contending there was no longer a guilty plea to withdraw, the motion was not diligently prosecuted, defendant was not otherwise entitled to relief because he was advised of the potential negative immigration consequences of his plea, and he had failed to show prejudice. Defense counsel filed a reply in which he contended there was no bar to amended section 1473.7 relief after a section 1203.4 dismissal, defendant had been diligent in pursuing relief, the advisement of the immigration consequences of the plea did not bar amended section 1473.7 relief, and defendant had suffered prejudice.

On July 22, 2020, the court held a hearing on defendant's amended motion. After argument by the parties, the court noted: "[T]here was virtually no difference in the declarations made by the defendant." The court observed that where defendant stated in his declaration that he did not read or understand the contents of the plea agreement he

---

[8] Our opinion was final on April 9, 2020, when we issued the remittitur.

10

signed was "100 percent contrary to his signed under penalty of perjury declaration on the plea form." "I have exactly the same problem that [the] [previous court] had, which is, I don't believe that. I do not believe that. I have been a lawyer and a judge in Riverside County since 1996. I've never been in a courtroom where someone read past the immigration consequences." "[H]is comments fly in the face of his own declaration." "[T]here is nothing other than just blanket denials." The court denied the amended motion.

## II. DISCUSSION

Defendant contends the court erred in denying his amended motion. The People counter that the court was without jurisdiction to rule on defendant's motion because defendant's filing of the motion was untimely. The People also argue defendant's motion is moot since his two-year sentence has been vacated. Finally, the People maintain that to the extent the court could rule on defendant's motion, the court properly denied it.

### A. Timeliness of Motion

The People contend the court was without jurisdiction to hear defendant's amended motion because defendant did not file it within 30 days of the finality of this court's opinion, as ordered by this court. Defendant maintains the People forfeited any objection to jurisdiction by failing to object below. We hold that the time limitation expressed in our remand order did not deprive the court of subject matter jurisdiction over the amended motion. Notwithstanding, we choose to treat defendant's amended motion as a new motion raising solely the issue of whether he suffered prejudicial error.

11

"Ordinarily, an appellate court has, among others, the power to remand a cause to the trial court 'for such further proceedings as may be just under the circumstances." (*People v. Flores* (2003) 30 Cal.4th 1059, 1065.) "[T]he generally applicable rule [is] that '[t]he order of the appellate court as stated in the remittitur, "is decisive of the character of the judgment to which the appellant is entitled." [Citation.] On remand, the lower court may act only within these express jurisdictional limits." (*People v. Lewis* (2004) 33 Cal.4th 214, 228.)

"In an appeal following a limited remand, the scope of the issues before the court is determined by the remand order." (*People v. Murphy* (2001) 88 Cal.App.4th 392, 396-397.) Upon remand from an appellate court, "the trial court must adhere to the limits set forth in the remand order." (*People v. Walker* (2021) 67 Cal.App.5th 198, 205.) "Following appellate affirmance of a trial court judgment and issuance of a remittitur, 'the trial court is revested with jurisdiction of the case, *but only to carry out the judgment as ordered by the appellate court.'*" (*People v. Picklesimer* (2010) 48 Cal.4th 330, 337.) "Upon the remand of a case by the appellate court to the lower court, the trial court again has general jurisdiction of the subject matter of the action and of the parties . . . although it is bound to comply with the directions given by the appellate court . . . ." (*Riley v. Superior Court of Los Angeles County* (1957) 49 Cal.2d 305, 310.) "[A] limited remand, circumscribed as it is in time and scope, [may] enhance [subsequent] appellate review . . . ." (*People v. Awad* (2015) 238 Cal.App.4th 215, 224-225 [remanding petition for recall of sentence under Prop. 47 to be ruled on "no later than 45 days" after finality of opinion].)

12

First, none of the above cited authorities stand for the proposition that an appellate court's time-limited remand temporally limits the court's jurisdiction to act upon the remand. Rather, they all stand for the proposition that the remand limits the *substance* of the court's authority to act on remand. The People have cited no authority, and we can find none, that a court is without jurisdiction to act beyond the time limit expressed in an appellate court's remand. Second, our remand required that the trial court reinstate its order denying the original former section 1473.7 motion if defendant did not file an amended motion within 30 days. (*People v. Bonilla*, *supra*, E068880.) Since the court never reinstated its original order, it still had jurisdiction to rule on the amended motion. Third, as defendant points out, even if time limited, defendant could still have filed a new amended section 1473.7 motion based upon prejudicial error. Of course, this court's affirmance of the contentions raised in the original motion would likely have had preclusive effect if raised again; however, if limited to issues permitted by the amendment of section 1473.7, defendant could well have simply filed a new, rather than an amended, motion. Thus, we shall treat defendant's motion as an original amended section 1473.7 motion limited to the issue of whether defendant suffered prejudicial error.[9]

---

[9] In fact, although the motion included in this record is titled "Amended motion to vacate conviction under Cal. Pen. Code [section] 1473.7'"; the word "Amended" is crossed out.

## B.    *Mootness*

The People further argue that defendant's request to vacate his conviction is moot because on February 9, 2018, the parties stipulated to the court's order, which vacated defendant's two-year sentence, nunc pro tunc, and placed him on formal probation, which the court deemed completed.  Defendant responds that the People forfeited this contention by failing to raise it below.  We hold there could be no forfeiture because the subject matter of defendant's motion is moot, depriving both this court and the court below of any capability of offering defendant any effective relief.

Courts are "bound to '"decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it."'" (*In re Arroyo* (2019) 37 Cal.App.5th 727, 732, *quoting In re Miranda* (2011) 191 Cal.App.4th 757, 762.)  "Consequently, '"[a] case becomes moot when a court ruling can have no practical impact or cannot provide the parties with effective relief."'" (*Arroyo*, at p. 732, quoting *In re Stephon L.* (2010) 181 Cal.App.4th 1227, 1231.)

"[A] conviction remains a valid ground for deportation, despite its expungement. For immigration purposes, a person generally 'continues to stand convicted of an offense notwithstanding a later expungement' under California Penal Code § 1203.4." (*Robles Lopez v. Sessions* (9th Cir. 2018) 901 F.3d 1071, 1075; accord *U.S. v. Stoterau* (9th. Cir. 2008) 524 F.3d 988, 1001 ["[C]onvictions set aside pursuant to Cal. Penal Code § 1203.4 are not 'expunged' for purposes of" federal construction of a defendant's criminal

history.]; *People v. Espinoza* (2014) 232 Cal.App.4th Supp 1, 6 [A section 1203.4 "dismissal does not make the conviction disappear and it is not considered an 'expungement' under either California law [citation] or federal immigration law."]; *People v. Martinez* (2013) 57 Cal.4th 555, 560 [Defendant's section 1203.4 expungement had "no effect on the federal immigration consequences of his conviction."].)

As we noted in our previous opinion in this case, "section 1203.4 'simply authorizes a court to grant relief to individuals who successfully complete the terms of probation by mitigating some of the consequences of conviction.' (*Baranchik v. Fizulich* (2017) 10 Cal.App.5th 1210, 1225.) In other words, it 'does not, properly speaking, "expunge" the prior conviction. The statute does not purport to render the conviction a legal nullity. Instead it provides that, except as elsewhere stated, the defendant is "released from all penalties and disabilities resulting from the offense."' (*People v. Frawley* (2000) 82 Cal.App.4th 784, 791.)" (*People v. Bonilla*, *supra*, E068880.) "The phrase 'actual or potential adverse immigration consequences' is broad and encompasses circumstances other than removal, such as, . . . [an] inability to obtain temporary legal status in the United States via a U visa . . . ." (*People v. Morales* (2018) 25 Cal.App5th 502, 510 [The proponent of a section 1473.7 motion does not have to be the subject of removal proceedings.].)

Here, defendant has failed to establish a prima facie case that he has suffered prejudice as a result of his purported misunderstanding of the immigration warnings given as part of his plea. (*People v. Scully* (2021) 11 Cal.5th 542, 567 ["'On appeal, the defense bears the burden of showing both error and prejudice.'"].) In other words,

15

defendant has not established that he is suffering or will suffer any negative consequences related to his immigration status because of his plea. (Former § 1473.7, subd. (e)(1) ["[T]he moving party shall also establish that the conviction or sentence being challenged is currently causing or has the potential to cause removal or the denial of an application for an immigration benefit, lawful status, or naturalization."].)

In defendant's original motion, defense counsel noted that defendant was subject to deportation because he had been committed to more than a year in custody. Defendant also declared that upon filing an application for permanent residency, he discovered that, as a result of his plea, he was subject to mandatory exclusion from the United States. At the hearing on his first motion, defense counsel noted, "[t]he suspended imposition of the two-year sentence . . . has proven fatal to [defendant's] chances in immigration court." "The problem is that he has a two-year sentence. Even though [a] [section] 1203.4 [motion] has been granted, that two-year sentence, even though never served, is, on paper, a disqualifying offense for immigration purposes."

In his subsequent amended motion, defendant also noted that he was subject to deportation proceedings because he had been committed to more than a year in custody. However, subsequent to his original motion and prior to the amended motion, defendant obtained an order by stipulation, which vacated his sentence, nunc pro tunc, and placed defendant on three years of formal probation, which the court deemed completed. That stipulated order is unlike a section 1203.4 "expungement" because it appears to have

16

eliminated any potential adverse immigration consequences.[10] Here, defendant no longer has a record that includes a prison sentence.

Defendant fails to explain how his placement on probation could subject him to any adverse immigration consequences. Therefore, the court's order denying his amended motion was correct.[11] (*Anderson v. Davidson* (2019) 32 Cal.App.5th 136, 144 [""""[W]e will affirm a judgment correct on any legal basis, even if that basis was not invoked by the trial court. [Citation.] There can be no prejudicial error from erroneous logic or reasoning if the decision itself is correct.""""].)

---

[10] At oral argument, defendant called our attention to a case he cited in his reply brief, *Matter of Thomas* (2019) 27 I. & N. Dec. 674, a Department of Justice, Board of Immigration Appeals case. In that case, the United States Attorney General held that "state-court orders will be given effect for immigration purposes only if based on a procedural or substantive defect in the underlying criminal proceeding. These orders will have no effect for immigration purposes if based on reasons unrelated to the merits of the underlying criminal proceeding, such as rehabilitation or the avoidance of immigration consequences." (*Id*. at p. 690.) Whatever authority *Thomas* could have in this case, it cannot apply here because (1) defendant failed to raise it in his petition; (2) there is no assertion in the petition that the stipulated order vacating defendant's sentence nunc pro tunc was "based on reasons unrelated to the merits of the underlying criminal proceeding," (*id*. at p. 694) and (3) """"arguments made for the first time in a reply brief will not be entertained because of the unfairness to the other party."""" (*People v. Silveria and Travis* (2020) 10 Cal.5th 195, 255.)

[11] There is no need to address the merits of defendant's motion since the motion is moot.

### III.  DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:

MILLER
        J.

RAPHAEL
        J.