Filed 8/21/23  P. v. Taylor CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E079871 |
| v. | (Super.Ct.No. RIF1705016) |
| DANIEL TAYLOR, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Judith C. Clark, Judge. Affirmed.

Daniel Taylor, in pro. per.; and Arielle Bases, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

At a hearing on remittitur from this court, the trial court amended the abstract of judgment to reflect this court's modification of defendant and appellant Daniel Taylor's

1

sentence.  The court declined to consider defense counsel's oral motion to strike defendant's prior serious felony conviction enhancements.

Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), *Anders v. California* (1967) 386 U.S. 738, and *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*),[1] setting forth a statement of facts, a statement of the case, and identifying five potentially arguable issues:  (1) whether the court had jurisdiction to consider defendant's sentencing enhancements in light of Senate Bill Nos. 1393 (2017-2018 Reg. Sess.) and 81 (2021-2022 Reg. Sess.); (2) whether trial counsel was prejudicially ineffective for failing to request a continuance so that defendant could file a motion or writ petition requesting that the court consider his prior offenses in light of Senate Bill Nos. 1393 and 81; (3) whether the trial court abused its discretion in failing to consider the age of defendant's prison priors in light of Senate Bill No. 81; (4) whether trial counsel was ineffective for failing to raise Senate Bill No. 81; and (5) whether the purposes of Senate Bill No. 81 would be furthered by applying it retroactively to defendant's case.

---

[1] In *Delgadillo*, the California Supreme Court held that *Wende* and *Anders* procedures do not apply in appeals from the denial of postjudgment proceedings. (*Delgadillo*, *supra*, 14 Cal.5th at pp. 224-226.)

Defendant was offered the opportunity to file a personal supplemental brief, which he has done.[2] Defendant raises the same five issues identified as potential issues by appellate counsel.[3] We affirm.

## I.  FACTUAL AND PROCEDURAL BACKGROUND[4]

On October 19, 2017, Jamahd McCoy ran into a Sprint store in Moreno Valley, pulled out a handgun, pointed it at an employee, threatened to shoot him, and told him to open the backroom door.  After the employee opened the door, defendant entered the store, walked into the backroom, kicked the employee's foot, and told him not to do anything stupid.  Defendant and McCoy filled two bags with more than 80 phones.  They then asked for money.  Another employee gave them $400 from the cash registers. (*Taylor*, *supra*, E072088.)

A jury convicted defendant of four counts of robbery (Pen. Code, § 211, counts 1, 2, 4 & 5)[5] and one count of leading police on a high-speed chase (Veh. Code, § 2800.2,

---

[2]  "If the defendant . . . files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.)

[3]  Defendant filed a petition for writ of habeas corpus (*In re Taylor*, Oct. 11, 2022, E079970), which we ordered to be considered with this appeal.  We shall resolve the petition by separate order.

[4]  We take judicial notice of our prior opinion from defendant's appeal from the original judgment (*People v. Taylor* (August 14, 2000, E072088) [nonpub. opn.] (*Taylor*)) from which we derive our factual recitation.  (Evid. Code, §§ 452, 459; Cal. Rules of Court, rule 8.1115(b).)  The factual recitation from *Taylor* addressed only the facts from one of the five offenses of which the jury convicted defendant.

[5]  All further statutory references are to the Penal Code unless otherwise indicated.

count 3). The jury additionally found true firearm allegations (Pen. Code, § 12022, subd. (a)(1)) attached to each robbery count. Defendant admitted he had suffered two prior serious felony convictions (§ 667, subd. (a)) and two prior strike convictions (§§ 667, subds. (b)-(i) & 1170.12). The trial court sentenced him to state prison for 25 years four months. (*Taylor*, *supra*, E072088.)

On appeal, defendant contended, as pertinent here, that the court erred in imposing full, one-year terms for the gun enhancements tied to the subordinate counts (counts 2, 4, & 5), instead of one-third the term. The People conceded the issue, and this court agreed. Thus, this court modified the sentence to reflect the correct sentence of four months on each of the subordinate count enhancements, which reduced defendant's sentence by two years. (*Taylor*, *supra*, E072088.)

At a hearing on remittitur from this court, the trial court prepared an amended abstract of judgment and minute order to reflect this court's modification of defendant's sentence, which reduced his term of imprisonment to 23 years four months. Thereafter, defense counsel requested the court strike both five-year, prior felony conviction enhancements.

The court asked, "Does that motion for the Court to exercise that discretion have to be submitted in writing with advance notice to the People?" Defense counsel conceded that it was usually done by writ petition; however, "In light of the fact that the case is still open with the remittitur being here, I'd ask the Court to allow us to address those issues."

4

The People responded that they opposed the court's consideration of defense counsel's oral motion: "If a writ is ripe as to this issue, [defendant] can seek whatever writ remedies and/or appellate remedies are available to him." The court replied, "It is the filing of the writ or petition that would trigger the Court's jurisdiction to consider the modification of sentencing, and I do believe that it is supposed to be filed in writing, which is why I asked, and it also affords the district attorney an opportunity to respond."[6] Thus, the court declined to rule on the motion.

## II. DISCUSSION

Defendant contends: (1) the court had jurisdiction to consider defendant's sentencing enhancements in light of Senate Bill Nos. 1393 and 81; (2) trial counsel was prejudicially ineffective for failing to request a continuance so that defendant could file a motion or writ petition requesting that the court consider his prior offenses in light of Senate Bill Nos. 1393 and 81; (3) the trial court abused its discretion in failing to consider the age of defendant's prison priors in light of Senate Bill No. 81; (4) trial counsel was ineffective for failing to raise Senate Bill No. 81; and (5) the purposes of Senate Bill No. 81 would be furthered by applying it retroactively to defendant's case. We affirm.

"Senate Bill No. 1393 amended section 667, subdivision (a), and section 1385, subdivision (b), as of January 1, 2019, to allow a court to strike or dismiss a prior serious felony conviction for sentencing purposes. (Stats. 2018, ch. 1013, § 2, eff. Jan. 1, 2019.)"

---

**6** We note that defendant had already filed a petition for writ of habeas corpus on this issue on May 9, 2022, which the court denied on June 8, 2022.

(*People v. Zamora* (2019) 35 Cal.App.5th 200, 208.) Effective January 1, 2022, Senate Bill No. 81 amended section 1385 to provide the trial court with discretion to dismiss enhancements in furtherance of justice (*People v. Mendoza* (2023) 88 Cal.App.5th 287, 290.)

"Ordinarily, an appellate court has, among others, the power to remand a cause to the trial court 'for such further proceedings as may be just under the circumstances." (*People v. Flores* (2003) 30 Cal.4th 1059, 1065.) "[T]he generally applicable rule [is] that '[t]he order of the appellate court as stated in the remittitur, "is decisive of the character of the judgment to which the appellant is entitled." ' [Citation.] On remand, the lower court may act only within these express jurisdictional limits." (*People v. Lewis* (2004) 33 Cal.4th 214, 228.) "In an appeal following a limited remand, the scope of the issues before the court is determined by the remand order." (*People v. Murphy* (2001) 88 Cal.App.4th 392, 396-397.) Upon remand from an appellate court, "the trial court must adhere to the limits set forth in the remand order." (*People v. Walker* (2021) 67 Cal.App.5th 198, 205.) "Following appellate affirmance of a trial court judgment and issuance of a remittitur, 'the trial court is revested with jurisdiction of the case, *but only to carry out the judgment as ordered by the appellate court.*' " (*People v. Picklesimer* (2010) 48 Cal.4th 330, 337.)

"Upon the remand of a case by the appellate court to the lower court, the trial court again has general jurisdiction of the subject matter of the action and of the parties . . . although it is bound to comply with the directions given by the appellate court . . . ."

(*Riley v. Superior Court of Los Angeles County* (1957) 49 Cal.2d 305, 310.)  A limited remand does not constitute "a straitjacket for the trial court such that it ha[s] no power to hear a motion on an issue that could not have been raised on defendant's prior appeal, and which concerned a change in the law that altered the court's authority to adjudicate defendant's case . . . ."  (*People v. Hargis* (2019) 33 Cal.App.5th 199, 207; *id.* at p. 208 ["Entertaining the motion would not have required the trial court to disobey the remittitur."].)

" 'When sentencing error does not require additional evidence, further fact finding, or further exercise of discretion, the appellate court may modify the judgment appropriately and affirm it as modified.' "  (*People v. Harbison* (2014) 230 Cal.App.4th 975, 986; see *People v. Haskin* (1992) 4 Cal.App.4th 1434, 1441.)

In the first instance, we could find defendant forfeited his arguments because he has failed to argue or support them with any authority.  (*Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956 [arguments not supported by adequate argument or authority may be deemed forfeited].)

Nevertheless, the court below did not have jurisdiction to rule on defendant's motion because the court had no jurisdiction to exercise *any* discretion at the hearing. This court in *Taylor* did not remand the matter to the trial court in even a limited manner. This court modified and affirmed the judgment.  The trial court's only remaining obligation was to issue a corrected abstract of judgment.  It had no authority to resentence

defendant in any manner. It is curious as to why the court would have held a hearing at all.

For the same reason, the court had no jurisdiction to rule on a Senate Bill No. 81 motion that was never made. Defendant's remaining contentions fail for the same reasons. Thus, the court did not err in denying defendant's request to strike his prior felony conviction enhancements.[7]

## III. DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:

MILLER
J.

MENETREZ
J.

---

[7] As we noted in footnote 6, *ante*, defendant had already filed a petition for writ of habeas corpus raising the issue, which the court below denied. Courts are not required to consider successive petitions raising the same issues absent justification. (§ 1475; *In re Friend* (2021) 11 Cal.5th 720, 728.)